UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS REYES,

    Petitioner,

v.                                                                    CASE NO:  8:10-CV-2452-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.
_____/

## ORDER

THIS CAUSE is before the Court upon the petition of Carlos Reyes ("Petitioner" or "Reyes") pursuant to 28 U.S.C. § 2254 requesting that his state judgment and sentence be vacated. The state has responded (Dkt. #14) and Reyes has replied (Dkt. #16). Because the petition fails to show the state court made an unreasonable finding of fact or application of federal law, it will be denied.

**Procedural Background**

Although Reyes' petition is timely, his convoluted procedural background will be described to explain why the state court could have found Reyes' claim to be waived or moot, or both.

Reyes was charged with trafficking in cocaine. Count one involved a quantity of more than 28 grams, but less than 200 grams, and count two involved more than 400 grams, but

less than 140 kilograms. Count one carried a three year and count two a 15 year minimum mandatory sentence. He pled guilty as charged on March 14, 2001, and was released pending sentencing to give him the opportunity to cooperate with law enforcement. Sentencing was scheduled for May 23, 2001. Reyes failed to appear and absconded. A capeas was issued.

Some time later, Reyes was apprehended and a new sentencing was scheduled for January 14, 2003. He was sentenced to 30 year prison terms on each count with the terms to run concurrently.

Reyes appealed his plea based judgment and the state appellate court affirmed. *Reyes v. State*, 873 So. 2d 333 (Fla. 2d DCA 2004) [table]. Reyes sought review by the Florida Supreme Court, but it was dismissed on May 4, 2004. *Reyes v. State*, 874 So. 2d 1192 (Fla. 2004).

On May 21, 2004, Reyes filed a *pro se* motion to mitigate his sentence under Fla.R.Crim.P. 3.800(c), which was denied on July 15, 2004. Reyes' appeal was dismissed. *Reyes v. State*, 887 So. 2d 344 (Fla. 2d DCA 2004)[table].

Reyes then filed a *pro se* motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 on May 24, 2005. Reyes requested that motion be dismissed and filed a second *pro se* 3.850 motion on May 30, 2005. In December 2005, Reyes filed a motion to supplement his second 3.850 motion. On December 28, 2005, the state court dismissed the first 3.850 motion at Reyes' request, summarily denied one of his grounds, ordered the state to respond to the remaining claims, and scheduled an evidentiary hearing. The state court did not rule

on the motion to supplement.

At the evidentiary hearing held on November 13, 2006, Reyes reached an agreement with the state, in which he withdrew his 3.850 motion and waived his right to file additional 3.850 motions in the future in exchange for his sentence being reduced to two 15 year prison terms to run concurrently.  The record reflects the parties' stipulation:

>    MS. NEWCOMB:  Judge, he entered a plea to two counts of trafficking of cocaine.  Count two was 400 grams to 150 kilograms.  He was sentenced to 30 years in Florida State Prison on both counts concurrent.  The State's offer is 15 years in the Florida State Prison on both counts concurrent with credit for time served.
>
>    THE COURT:  Were there any min man's on that?
>
>    MS. NEWCOMB:  That was – the 15-year sentence would be a minimum mandatory as to count two.
>
>    MR. SINARDI:  Correct.
>
>    MS. NEWCOMB:  Count one has a three-year minimum mandatory.
>
>    MR. SINARDI:  Correct.
>
>    THE COURT:  What was the sentencing date?
>
>    MR. SINARDI:  It was originally set –
>
>    MS. NEWCOMB:  January 14th 2003.
>
>    THE COURT:  Okay. Mr. Reyes, raise your right hand.  Do you solemnly swear or affirm the testimony you are about to give will be the truth, the whole truth and nothing but the truth?
>
>    MR. REYES:  Yes.
>
>    THE COURT:  Madam interpreter, do you solemnly swear or affirm that you will truthfully and accurate translate English to Spanish and Spanish

to English?

MS. BUJAN: I do. Beatrice Bujan, Staff Interpreter.

THE COURT: All right. Mr. Reyes, you were previously sentenced to 30 years Florida State Prison concurrent on two counts of trafficking in cocaine. Do you understand that?

MR. REYES: Yes.

THE COURT: The State is offering to have – to – to have you re-sentenced to 15 years concurrent on both counts. In exchange, you would withdraw your post conviction 3.850 motion. You'll also be waiving the right to file additional 3.850 motions. Do you understand that?

MR. REYES: Yes.

THE COURT: Are you agreeable to the State's proposal if I decide to go along with it?

MR. REYES: Yes.

THE COURT: All right. And are you making this decision freely and voluntarily?

MR. REYES: Yes.

THE COURT: Have you been offered or promised anything other than this sentence reduction of 15 years in order to get you to waive your post conviction motion?

MR. REYES: No.

THE COURT: Do you understand that that would involve a minimum mandatory 15 years on count two?

MR. REYES: Yes.

THE COURT: Do you know what that means?

MR. REYES: Yes.

THE COURT: And on count one, that's a three-year minimum mandatory, which I suppose is already served by now. Do you have any questions about what you are doing?

MR. REYES: Okay.

THE COURT: Which I believe that means a day for day sentence, right?

MR. SINARDI: Well, I'm not certain what –

MS. NEWCOMB: I don't – I don't believe so but I don't want to make that – that statement. I believe that drug trafficking is not a day for day. It's up to DOC. It could be. I mean I don't want to make him any promises about that.

MR. SINARDI: Right. That's up to DOC. I believe he's been getting gain. Have you been getting gain time?

MR. REYES: Yes.

THE COURT: Okay. They have the – they have the discretion to award the gain time?

MR. SINARDI: I – I think --

MS. NEWCOMB: Yes.

MR. SINARDI: My understanding is I believe it's up to DOC. Because a fifteen-year minimum mandatory simply means the Court has no discretion to go below fifteen years. It's not a day for day sentence. But again it's up to DOC. He understands that.

THE COURT: He understands that?

MS. BUJAN: Yes.

THE COURT: Okay. That's fine. I – I will go ahead and agree to re-sentence Mr. Reyes by vacating the January 14 of '03 sentence and re-sentencing Mr. Reyes nunc pro tunc to January 14, 2003 to a concurrent

   fifteen years Florida State Prison on counts one and two. With a three-year minimum mandatory on count one. And a fifteen-year minimum mandatory on count two. He will receive credit for time served. And whatever mandatory fines, etc. that go along with that. That would still be a part of this sentence. It simply changes the number of years that Mr. Reyes is to receive. All right?

   MS. NEWCOMB: Thank you, Your Honor.

   MR. SINARDI: Thank you.

   THE COURT: All right.

   MS. NEWCOMB: Thank you.

   THE COURT: You're welcome.

Transcript of sentencing hearing, Exhibit 15, volume II, pp. 278-281.

  The Court accepted the parties' agreement and resentenced Reyes to two 15 year sentences to run concurrently. Reyes appealed. His appellate counsel filed an *Anders*[1] brief concluding that there was no meritorious basis for a claim of significant reversible error. Reyes filed his own *pro se* brief arguing that his new sentence should be vacated on grounds that the state court failed to comply with the requirements of Rule 3.850 by not addressing the added claim brought in his motion to supplement the second Rule 3.850 motion. The appellate court affirmed. *Reyes v. State*, 979 So. 2d 231 (Fla. 2d DCA 2008). By the time of the affirmance, Reyes had filed a motion to mitigate under 3.800 which was denied by the state post-conviction court on March 10, 2008. Reyes appealed and the appellate court affirmed. *Reyes v. State*, 991 So. 2d 868 (Fla. 2d DCA 2008).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

By the time of this affirmance, Reyes had filed a *pro se* petition for writ of habeas corpus in which he sought review of the "added ground" brought in his December 2005 motion to supplement. This "added ground" is the same ground now before this Court, to wit: that the counsel representing him at his 2003 sentencing was ineffective because counsel did not ascertain from Detective Argoti what assistance, if any, Reyes had provided the detective in order to seek a reduction of his sentence to 42 months.

At the outset, it should be noted that Reyes' claim is deficient for not providing a description of the assistance he claims he provided. He merely makes the conclusory statement that sentencing counsel should have inquired of Detective Argoti.

The state post-conviction court could have treated this claim as waived pursuant to the terms of his 2006 resentencing when Reyes' sentences were reduced from 30 year terms to 15 year terms in return for his waiving his 3.850 claims, both present and future. And the state post-conviction court could have determined the claim to be moot since Reyes was resentenced in 2006 which cured any defects in his 2003 sentencing. *U.S. v. Schaefer*, 398 Fed. Appx. 508 (11th Cir. 2010). In fact, Reyes had filed a direct appeal from his 2006 resentencing arguing that the Court committed error by not addressing the very claim he was now raising in his habeas petition. The state post-conviction court was affirmed without explanation, but waiver and mootness were obvious grounds for affirmance.

Despite the availability of waiver and mootness, the state post-conviction court partially granted the habeas petition and agreed to review the merits of the claim. Reyes filed

another motion to supplement dated December 2, 2008, alleging that his 2003 sentencing counsel rendered ineffective assistance by not ascertaining what assistance Reyes did or did not provide the detective and for not presenting mitigating facts in order to secure the 42 month disposition he contends should have been offered by the state.

After reviewing Reyes' claim, the state's response, and the record, the state post-conviction court denied Reyes' claims on March 10, 2010, reasoning as follows:

> After reviewing the allegations, the State's response, Defendant's reply brief, the court file, and the record, the Court finds with respect to Defendant's allegation that his counsel was ineffective for failing to obtain information from Detective Argoti regarding what assistance Defendant did or did not provide the State, the Court finds on March 15, 2001, Defendant pleaded guilty and sentencing was set off for May 23, 2001, so that Defendant could provide substantial assistance to Detective Argoti. (*See* docket sheet, attached). However, on May 23, 2001, Defendant failed to appear for his sentencing hearing. (*See* docket sheet, attached). At the January 14, 2003, sentencing hearing, Defendant admitted to the Court that he was in Miami in May of 2001 when he was supposed to be here for sentencing. (*See* January 14, 2003, transcript, p. 3, attached). The Court further finds on January 14, 2003, Assistant State Attorney Mr. Udagawa advised the Court of the following:
>
> UDAGAWA: Well, we're not making a motion for substantial assistance so the Court has to impose the fifteen year min./man.
>
> I spoke to Detective Arrogate last week just to make sure and see if there was anything that the defendant did and Detective Arrogate indicated that he helped get the defendant on ROR, helped him get his car back so he could do substantial assistance and the defendant took off and he did not do a thing. So - - ... - - there's nothing I can do for him.
>
> (See January 14, 2003, transcript, pps. 5-6, attached). Therefore, the Court finds Defendant cannot demonstrate prejudice as a result of counsel's alleged

-8-

deficient conduct when Mr. Udagawa advised the Court that he spoke with Detective Argoti who indicated that Defendant took off and did not do a thing. **As such, no relief is warranted upon the allegations in this portion of Defendant's "motion to supplement Defendant's motion for post conviction relief" and "supplemental claim to motion for post conviction relief."**

* * *

At the January 14, 2003, hearing, Mr. Udagawa announced that the State was not making a motion for substantial assistance because he contacted Detective Argoti who indicated Defendant took off and did not do a thing. (*See* January 14, 2003, transcript, pps. 5-6, attached). Because Defendant failed to provide substantial assistance, the Court was bound to impose at least the fifteen year mandatory minimum on count two. *See* § 893.135(1), Fla. Stat. (1997). Therefore, the Court finds Defendant cannot demonstrate that counsel's alleged failure to investigate whether Defendant provided substantial assistance to the State in order to get the State to recommend a forty-two (42) month sentence resulted in prejudice when the State properly chose not to motion the Court under section 893.135(4) due to Defendant's lack of cooperation, and without the State's motion, the Court could not impose a forty-two month prison sentence based on the fifteen year mandatory minimum set out in section 893.135(1). **As such, no relief is warranted upon the allegations in this portion of Defendant's "motion to supplement Defendant's motion for post conviction relief" and "supplemental claim to motion for post conviction relief."**

. . . (W)ith respect to Defendant's allegation that counsel was ineffective for failing to inquire into facts that Detective Argoti shared with Defendant prior to Defendant's sentencing, the Court finds at the sentencing hearing, Defendant's counsel Mr. Inman stated the following:

INMAN:   Yes, Judge. In this particular case it was a plea that was entered into as part of a negotiated agreement but the plea itself was open. There was (sic) no guarantees of any kind - - as to what sentence would ultimately be imposed in this case and the defendant was supposed to provide substantial assistance in the case.

He has indicated to me however and I would, um, advise the Court that I have not personally talked with the officer, Officer

>Arrogate (phonetic) in this case at all but Mr. Reyes has indicated to me that he did talk to Arrogate on several occasions and that he in fact did not actually provide any assistance.
>
>The individuals he was (sic) able to do anything on were actually incarcerated and in custody and that he advised me that he was told by Arrogate to just - - don't worry about it and he would contact him.
>
>Well, his court date came about and he had done nothing. He was aware of that, that he had done nothing and he simply was acting in fear and fled.
>
>He - - it's been explained to him that this is a minimum mandatory case and that absent a legal basis for the minimum mandatory to not be imposed Your Honor has no choice but to impose that minimum mandatory sentence.
>
>In light of that I would ask the Court to consider his circumstances and the family and not go beyond that because of the statutory maximum thirty year possibility that this Court can impose.

(*See* January 14, 2003, transcript, pps. 3-4, attached). Therefore, the Court finds Defendant cannot demonstrate prejudice as a result of counsel's alleged failure to inquire into facts that Detective Argoti shared with Defendant prior to Defendant's sentencing, when Defendant clearly shared such information with Mr. Inman and Mr. Inman relayed said information to the Court at the sentencing hearing. **As such, no relief is warranted upon the allegations in this portion of Defendant's "motion to supplement Defendant's motion for post conviction relief" and "supplemental claim to motion for post conviction relief."**

Order Denying Motion to Supplement Defendant's Motion for Post-Conviction Relief, Supplement Claim to Motion for Post-Conviction relief, and Motion to Set Final Hearing, Exhibit 38, pp. 7-10.

Reyes appealed. The appellate court affirmed without written decision. *Reyes v. State*, 46 So. 3d 58 (Fla. 2d DCA 2010)[table], review dismissed, *Reyes v. State*, 47 So. 3d 1290 (Fla. 2010)[table].

### **Standard of Review**

**A.     AEDPA**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to its provisions. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1)     was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2)     was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000); *Mitchell v. Esparza*, 540 U.S. 12 (2003).

In *Mitchell v. Esparza*, the Supreme Court explained that a state court's decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different

from our precedent." *Mitchell*, citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

As to the issue of whether a state court has made "an unreasonable determination of the facts in light of the evidence," the state court's determinations of fact are presumed to be correct and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B.     Ineffective Assistance of Counsel

Reyes' claim involves one of ineffective assistance of counsel. Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional forms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

### **Discussion**

The state post-conviction court was detailed in its finding that Reyes was not prejudiced. In fact, Reyes acknowledged that he had not provided any assistance to law enforcement because the individuals against whom he could cooperate were already in custody. The state post-conviction court appropriately made a finding of fact that Reyes had provided no substantial assistance and, even if he had, it was in the sole discretion of the state to seek a reduction in a defendant's sentence in return for cooperation. And the state stated on the record that it was not seeking any such reduction because the detective reported that Reyes had not performed any substantial assistance.

AEDPA requires this Court to accept the findings of fact of the state court unless a petitioner overcomes those findings with clear and convincing evidence. Reyes has not done so. And the state post-conviction court reasonably applied federal law in determining that

Reyes had not suffered any prejudice from counsel's actions. *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, Reyes' claim fails on the merits and will be denied here.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter Judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this case.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2011.

                                                                       _____
                                                                       JAMES S. MOODY, JR.
                                                                       UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel/Parties of Record

*S:\Even\2010\10-cv-2452.deny 2254.wpd*